Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLP**
25 Prospect Street
Morristown, NJ 07960
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X      2013 Civ.
ASSEKURANZKONTOR FRIEDRICH
BARKMANN OHG a/s/o HARS & HAGEBAUER
CHILE SPA,                                                                            **COMPLAINT**

       Plaintiff,

   - against -

DELTA LINE INTERNATIONAL,

       Defendant.
-----------------------------------------------------------------X

      Plaintiff, ASSEKURANZKONTOR FRIEDRICH BARKMANN OHG a/s/o HARS & HAGEBAUER CHILE SPA, by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

    2.    At all material times, plaintiff ASSEKURANZKONTOR FRIEDRICH BARKMANN OHG (hereinafter "Assekuranzkontor" or "Plaintiff") was and is a corporation with an office and place of business located at Neuer Wall 10, 20354 Hamburg, Germany, and is

the subrogated underwriter of a consignment of 2,160 cases of fresh grapes laden on board the M/V SWAN CHACABUCO, as more specifically described below.

3. At all material times, HARS & HAGEBAUER CHILE SPA was and is a corporation with an office and place of business located at Avenida Santa Maria 2310, Providencia, Santiago, Chile, and is the shipper and owner of a consignment of 2,160 cases of fresh grapes laden on board the M/V SWAN CHACABUCO, as more specifically described below.

4. At all material times, defendant, DELTA LINE INTERNATIONAL (hereinafter "Delta" or "defendant") was and is a foreign corporation with an office and place of business located at 7970 NW 56th Street, Miami, Florida 33166, and at all relevant times, was and is still doing business in this jurisdiction as a non vessel owning common carrier.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

6. On or about March 1, 2013, at Valparaiso, Chile, there was delivered to defendant and/or its agents, a consignment consisting of 2,160 cases of fresh grapes, laden in container number TRIU8866993, then being in good order and condition, which said defendant received and accepted and in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said consignment to Gloucester City, New Jersey.

7. Defendant received the subject consignment on or about March 1, 2013, and upon loading the consignment aboard the M/V SWAN CHACABUCO, issued bill of lading number USEC352513178 dated March 1, 2013.

8. Pursuant to the bill of lading, the cargo was to be kept refrigerated.

9. On or about March 19, 2013, the goods were discharged at Gloucester City, New Jersey.

10. Upon delivery of the consignment, it was discovered that the transit temperatures had exceeded the allowable temperature for this product for an extended period of time.

11. As a result, the grapes were sold at depreciated prices and plaintiff sustained a loss of no less than $5,332.88.

12. The $5,332.88 in damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

13. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $5,332.88.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages in the amount of at least $5,332.88, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Morristown, New Jersey
       December 4, 2013
       409-21

                                            **CASEY & BARNETT, LLP**
                                            Attorneys for Plaintiff

By: _____
      Janine E. Brown
      Martin F. Casey
      25 Prospect Street
      Morristown, NJ 07960
      (212) 286-0225